UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID L. BELCHER,<br><br>                    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C13-5517 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 20), and Plaintiff David Belcher's ("Belcher") objections to the R&R (Dkt. 21).

On August 5, 2014, Judge Strombom issued the R&R recommending that the Court affirm the decision of the Administrative Law Judge ("ALJ") that Belcher is not disabled. Dkt. 20. On August 19, 2014, Belcher filed objections. Dkt. 21. On August 29, 2014, the Government responded. Dkt. 22.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

In this case, Belcher objects to all of Judge Strombom's conclusions.  Dkt. 21.  With regard to Belcher's objections to the lay witness issue, the residual functional capacity issue, and the new evidence issue, Belcher's objections are conclusory disagreements with Judge Strombom's conclusions.  The Court agrees with Judge Strombom's conclusions and no further discussion is necessary.  The Court will, however, more thoroughly address the remaining issues.

**A.    Medical Evidence**

In this case, Belcher argues that the ALJ erred in considering the medical evidence of Dr. Patrick Ogilvie, nurse practitioner Mary Ellen Biggerstaff, and Dr. Robert Hoskins.  With regard to Dr. Ogilvie's June 2010 opinion, the ALJ gave the opinion little weight and supported that conclusion with four reasons.  Tr. 21.  Judge Strombom concluded that the ALJ did not commit error because the June 2010 opinion was clearly inconsistent with prior opinions and the longitudinal examination findings.  Dkt. 20 at 6–7 (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Weetman v. Sullivan*, 877 F.2d 20, 23 (9th Cir. 1989)).  The Court agrees with Judge Strombom that under *Bayliss* and *Weetman* the ALJ may discount a clearly inconsistent opinion from a treating physician.  Although the facts of this case do not fall squarely under the cited precedent, the ALJ explained that there was no medical evidence to support the inconsistent opinion and that the opinion was also inconsistent with the "longitudinal examination findings . . . ." Tr. 21.  These clear and convincing reasons were supported

by substantial evidence, and the Court adopts Judge Strombom's conclusion that the ALJ did not err in discounting Dr. Ogilvie's June 2010 opinion.

With regard to Ms. Biggerstaff, Judge Strombom concluded that the ALJ did not err in giving this opinion no weight. Dkt. 20 at 7–8. Judge Strombom concentrated on the inconsistent medical evidence in concluding that the ALJ gave germane reasons to support his conclusion. The Court agrees with Judge Strombom and adopts the R&R on these issues. Belcher, however, contends that Judge Strombom ignored his argument that the ALJ also relied on a "false" reason to discount Ms. Biggerstaff's opinion. The ALJ stated that "[t]here is no evidence that [Ms. Biggerstaff] has ever even examined [Belcher]." Tr. 22. In arguing that this reason is "false," Belcher cites to multiple treatment notes that were electronically signed by Ms. Biggerstaff and a functional assessment signed by Ms. Biggerstaff on May 9, 2012. With regard to the former documents, nothing in these documents indicates who actually evaluated Belcher. *See* Tr. 377–390. With regard to the latter, the evaluation was conducted after the ALJ issued his decision. Therefore, Belcher has failed to show that the ALJ's reason was "false."

Finally, Belcher argues that the ALJ erred by giving significant weight to the opinion of non-examining physician Dr. Hoskins and that the error was not harmless. Judge Strombom concluded that Belcher failed to show that any error was harmful error. Dkt. 20 at 9. Belcher objects to this conclusion and argues in conclusory fashion that the error was harmful because a reasonable ALJ not committing the error "could have reached a different disability determination." Dkt. 21 at 8. Belcher must present actual reasons to support the alleged harmful error instead of merely restating his burden of

proof. In the absence of actual reasons, the Court agrees with Judge Strombom and adopts the R&R on this issue.

### B. Belcher's Testimony

In this case, Belcher argues that the ALJ erred in finding Belcher's testimony not fully credible. Judge Strombom concluded that the "ALJ offered clear and convincing reasons supported by substantial evidence to find [Belcher's] testimony not credible." Dkt. 20 at 11. Although Belcher objects to this conclusion, he basically disagrees with Judge Strombom's assessment of whether the ALJ's reasons are clear and convincing. Dkt. 20 at 9–10. The Court agrees with Judge Strombom that the ALJ's reasons are clear and convincing and are supported by substantial evidence. Therefore, the Court adopts the R&R on this issue.

### C. Vocational Expert

In this case, the issue is whether the ALJ's error was harmless. The Court agrees with Judge Strombom that the error was harmless. First, the Vocational Expert's ("VE") testimony does not directly contradict the *Dictionary of Occupational Titles* ("DOT"). Belcher concedes this point by stating that a "sit/stand option is not included in the DOT." Dkt. 21 at 12. Second, the VE thoroughly explained her opinion on the issues that were outside of the DOT. *See* Dkt 20 at 14–16. Belcher fails to show that such explanation on matters that do not contradict the DOT constitute harmful error.

Therefore, the Court having considered the R&R, Belcher's objections, and the remaining record, does hereby find and order as follows:

(1)   The R&R is **ADOPTED**;

1     (2)    The decision of the ALJ is **AFFIRMED**; and

2     (3)    This action is **DISMISSED**.

3     Dated this 22nd day of September, 2014.

                                                             BENJAMIN H. SETTLE
                                                             United States District Judge